IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RITA KIBBIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:19-cv-393 |
| | § | |
| | § | |
| HAYS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, RITA KIBBIE, files this Complaint and Jury Demand against Defendant HAYS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act; and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RITA KIBBIE is a resident of Travis County, Texas.

2. Defendant HAYS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is a school district operating in Hays County, Texas and may be served with process via its Superintendent, Dr. Eric Wright, at the following address: 21003 Interstate 35, Kyle, Texas 78640.

3. This Court has jurisdiction to hear the merits of Ms. Kibbie's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Ms.Kibbie's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Hays County, Texas.

## II.
## FACTUAL BACKGROUND

5. Plaintiff, Rita Kibbie, began working for Defendant Hays Consolidated Independent School District on or around December 16, 2009, as a Benefits Coordinator in Defendant's Human Resources Department. In or around August 2014, Ms. Kibbie was promoted to the position of Director of Benefits for the School District.

6. On or around November 15, 2017, Ms. Kibbie notified Lisa Thomas, Defendant's Director of Employee Services, and Dr. Elaine Howard, her direct supervisor, that she was going to be taking leave under the Family and Medical Leave Act from approximately December 15, 2017, through March 1, 2018. Ms. Kibbie has cerebral palsy, and was scheduled to have Split Anterior Tibial Tendon Transfer surgery to correct symptoms related to her cerebral palsy that substantially limited her ability to engage in several major life activities, including walking.

7. Ms. Kibbie was scheduled to meet with Dr. Howard on December 14, 2017, about ensuring that her duties were covered while she was gone, but Dr. Howard cancelled the meeting and did not reset it before Ms. Kibbie left for her medical leave.

8. On or about February 5, 2018, while Ms. Kibbie was on leave, she received a certified letter from Dr. Howard stating that she had concerns about her job performance, and that a full investigation was being conducted. The letter further stated that Ms. Kibbie would have an opportunity to respond to the letter when she returned from her leave.

9. Two days later, on February 7, 2018, Ms. Kibbie's position of Director of Benefits

for Human Resources was posted as a job vacancy on Defendant's website.

10. On or about March 2, 2018, Ms. Kibbie submitted a request through Defendant's Catastrophic Leave Bank that would have allowed her to be compensated for days missed because of the surgery that she had during her FMLA leave, since she exhausted her paid leave on February 28, 2018. Ms. Kibbie submitted two healthcare provider certifications from her surgeon, both forms indicating the medical condition from which Ms. Kibbie suffers (split tibialis anterior tendon) and that she would be able to return to work on April 2, 2018.

11. On or about April 1, 2018, Ms. Kibbie was placed on administrative leave pending an investigation into supposed "concerns" about her performance.

12. On April 13, 2018, Defendant terminated Ms. Kibbie's employment. The reasons given for the termination - performance concerns that supposedly came to light while Ms. Kibbie was on FMLA leave - are a pretext for discriminating against Ms. Kibbie because of her disability and her taking FMLA leave.

### III.
### CAUSES OF ACTION
### COUNT ONE:

**Discrimination on the Basis of Disability
in violation of the ADA and TCHRA**

13. Defendant violated by the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

14. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

15. Defendant is an employer under the ADA and the TCHRA.

16. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

17. Plaintiff was meeting her employer's expectations.

18. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

19. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO

### Family and Medical Leave Act

20. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

21. Plaintiff availed herself of a protected right under the FMLA and was subsequently

terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

22. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced. See 29 U.S.C. §2614(a)(2). Defendant violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA and refusing to reinstate her into her position following her FMLA leave.

## IV.
## DAMAGES

23. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

24. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability, her record of having a disability, and/or

because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

25.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

26.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, *supra*.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

27.     A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.  Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

28.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF